452

THE STATE OF MONTANA, Plaintiff and Respondent, v. RICHARD M. LEWIS, Defendant and Appellant.

No. 11949.
Submitted May 12, 1971.
Decided July 6, 1971.
486 P.2d 863.

John F. Iwen (argued), Great Falls, for defendant and appellant.

Robert L. Woodahl, Atty. Gen., David V. Gliko, Asst. Atty. Gen. (argued), Helena, J. Fred Bourdeau, County Atty., Michael T. Greely, Great Falls, for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of conviction of the crime of second degree assault entered upon a jury verdict. A motion for new trial was denied. The defendant was sentenced to 30 years in prison.

The assault charged was first degree, that of assaulting a police officer with a loaded weapon. The circumstances were that one Mrs. Carol Peterson, on the evening of February

12, 1970, was patronizing the Brass Rail Bar in Great Falls. There she met the defendant. Later Mrs. Peterson and the defendant left the establishment with a six-pack of beer and went to Mrs. Peterson's home. Mrs. Peterson was separated from her husband and lived in an apartment adjoining her mother's. Mrs. Peterson "retrieved" her two children, ages 8 and 6, and they were put in the bedroom adjoining the kitchen.

The two of them had a few beers and talked for approximately two hours in the kitchen. Mrs. Peterson asked defendant to leave and he refused. They continued talking. She went into her bathroom and when she returned defendant had a gun which he had taken from Mrs. Peterson's dresser drawer in her bedroom where the two children were asleep. She tried to get him to give her the gun. He would not give her the gun, nor would he leave. She went to awaken her mother by climbing out a bathroom window. He followed her out; she ran back in and slammed the door, but he climbed back in through the open window. Finally she raised her voice and her mother heard her. The mother, hearing the disturbance, called the police. The foregoing events from the meeting in the bar to the call to the police lasted from 12:30 to about 6:30 a.m.

Officer Vestman was alone in his patrol car about 2 or 3 blocks away and responded immediately. Upon arriving at the residence, the officer was met by Mrs. Peterson outside. She told him that the defendant was in her house and she wanted the defendant to leave. Officer Vestman had been dispatched to the residence because a man was "breaking in the house." The officer observed a storm door broken. As he put it, "this circumstance took place so fast and furious, there wasn't even time to talk to her."

Officer Vestman entered the house with Mrs. Peterson. He asked defendant to leave and placed his hand on defendant's shoulder. As they started to leave Mrs. Peterson informed Vestman that defendant had her gun and it was loaded. The

gun was in defendant's pocket. Officer Vestman asked defendant for the gun and defendant replied that he, defendant, would get it. Vestman said no, he Vestman, would remove it. When defendant started to reach for the gun, Vestman seized defendant and a scuffle occurred.

The two men, the officer and defendant, struggled and fell to the floor. Defendant secured the gun, and at one point in the struggle, had it pointed at Vestman and said, "I am going to blow a hole in your head." Finally, Vestman subdued defendant and got the gun. Defendant was arrested.

The gun had two live bullets in its clip, but none in the chamber. Thereafter an information was filed charging assault in the first degree.

Defendant puts forth five issues for review:

1. The court was in error in denying defendant's motion for a pretrial order restraining and enjoining the county attorney from cross-examining Lewis as to the facts regarding a prior crime

2. The court was in error in denying defendant's motion to dismiss and for a directed verdict at the close of the state's case in chief and all evidence presented.

3. The court was in error in refusing defendant's proposed instructions 8, 22, 30 and 39 on third degree assault and the punishments imposed by law for first, second and third degree assault.

4. The court was in error in refusing to give defendant's proposed instructions 3, 4, 26 and 35.

5. The court was in error in giving state's instructions 13(b), 23(1), 27 and 28 over defendant's objections.

As to issue No. 1, the county attorney about one month prior to trial notified appellant and his counsel that, pursuant to section 95-1506, R.C.M.1947, the state would seek increased punishment of the accused as a prior convicted felon. The notice specified the conviction relied upon as a conviction for first degree robbery on July 5, 1960 in California.

456

Thereafter the appellant sought by motion an order enjoining the prosecution from cross-examining him concerning prior felonies during the trial. The motion was denied and the denial is claimed to be prejudicial error. The defendant did not take the stand nor present any evidence. Apparently we are to believe that fear of cross-examination caused the defendant not to take the stand. We have some difficulty in determining just what or why any issue remains because we have no record of what the prior record may have been. In a discussion between the court and counsel it appears that perhaps the prior record might have been the basis for evidence of motive, intent or design if such evidence were produced. However, at this stage of the proceedings the record is silent as to what evidence might have been produced. We simply are unable to conjure any factual basis for supposed error in the court's ruling. No prejudicial error is shown.

As to issue No. 2, the court denied defendant's motions to dismiss and for directed verdict at the close of the evidence. Defendant argues that under the facts heretofore recited, no assault was shown. He argues that no intent to assault was shown and that a loaded firearm was not involved. As to the latter, defendant would have us believe that a gun with bullets in the barrel is not a dangerous weapon. There is no merit in this issue.

The third issue raises four proposed instructions by the defendant, being numbers 8, 22, 30 and 39. These four proposed instructions covered third degree assault and the punishments imposed by statute for first, second and third degree assault. The basis for the court's denial of the proposed instructions was that there was no third degree assault involved. Certain portions of the four proposed instructions were covered in other instructions. The error claimed goes directly to third degree assault. Defendant's version of the evidence in his brief is that the gun was not loaded; and in any event defendant was justified in acting as he did or at most would have been guilty

of a simple assault. Defendant's brief describes the handling of the gun as "[defendant] may have waved the gun around during the struggle." Indeed, officer Vestman testified that defendant said, "I am going to blow a hole in your head." Defendant would have us believe that carrying a gun in your pocket, the gun having been surreptitiously taken from a dresser drawer under the circumstances here, is just a normal thing, perhaps slightly off-beat, but really nothing for a police officer to be alarmed about. We view it, as did the jury, to the contrary. Where the facts disclose, as in this case, that the evidence constituted at least second degree assault or no assault at all, the contention that the court erred in failing to give instructions on third degree assault is not meritorious. (State v. Satterfield, 114 Mont. 122, 132 P.2d 372).

Defendant cites State v. Metcalf, 153 Mont. 369, 457 P.2d 453, for the opposition that it is proper to give an instruction on penalties. However in State v. Zuidema, 157 Mont. 367, 485 P.2d 952, this Court found it reversible error to give such instructions. Since the jury does not have any sentencing power there is no need to advise them on possible punishment.

The fourth claimed error is in the court's refusal to give proposed instructions 3, 4, 26 and 35 in reference to arrest and the right of defendant to resist an unlawful arrest. Defendant seems to contend that under the facts here, the jury might have determined that officer Vestman committed a trespass on defendant and defendant was justified in using resistance. Where an officer is advised that a person has a loaded gun in his pocket under circumstances like these, we find it not only difficult, but impossible to suppose that the officer will say "please." Moreover, defendant does not show how he might have been prejudiced.

Finally, defendant urges error on the giving of instructions 13(b), 23(1), 27 and 28 over objections. These numbers refer to state's proposed numbers. The briefs do not set out the language of the instructions and refer to small parts of the instructions somewhat out of context. We have difficulty in

discussing this assigned error because no specific language is referred to. However, generally speaking instructions 13(b) and 23(1) go to the question of intent. The instructions define assault and the intent involved therein. Defendant conceives each individual part must specify the whole. Of course this is not possible. The instructions must be read as a whole. We find no error.

As to instruction No. 27, the court advised that it was a crime to carry a concealed weapon without a permit. Section 94-3525, R.C.M.1947 makes it so. Defendant claims that there was no evidence proving that defendant did not have a permit. This is so, but this would be an affirmative defense if such were the fact.

As to instruction No. 28, the court instructed that a 7.65 millimeter Mauser automatic pistol with a cartridge in the clip and with the clip in place in the pistol is a loaded firearm and is a deadly weapon as a matter of law. Defendant argues at length that because no cartridge was in the barrel of the pistol, but only in the clip; and that it took a motion to put a cartridge into the barrel from the clip; that therefore it was not a loaded and deadly weapon. The defendant cites State v. Bentley, 155 Mont. 383, 472 P.2d 864, wherein a definition of what is a loaded firearm was given, it being charged that the alleged assault involved a pistol used as a bludgeon or club. That case does not help defendant here. The evidence is clear that the pistol was loaded and was deadly.

Having examined all of the alleged errors and finding no prejudicial error, we affirm the judgment of the district court.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, and JOHN C. HARRISON, concur.

MR. JUSTICE DALY did not participate in this case.